United States Bankruptcy Court
Southern District of Texas
ENTERED
June 09, 2025
Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| SURGALIGN HOLDINGS, INC., *et al.*,[1] | Case No. 23-90731 (CML) |
| Debtors. | (Jointly Administered) |

**SUPPLEMENTAL ORDER**
**REGARDING CLOSURE OF CERTAIN OF THE CHAPTER 11 CASES**
(Related Docket No. 607)

Upon the motion (the "**Motion**")[2] of the Plan Administrator of the chapter 11 cases of the above-captioned Debtors for entry of an order (this "**Order**") for a supplemental order regarding the closing of the Closed Cases, the Court finds that: (i) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. § 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (iii) the relief requested in the Motion is in the best interests of the Debtors and their estates; (iv) the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; (v) this Court having reviewed the Motion; and (vi) good and sufficient cause exists for the granting of the relief requested in the Motion after having given due deliberation upon the Motion and all of the proceedings had before the Court in connection with the Motion,

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number (if any), are: Surgalign Holdings, Inc. (0607); Surgalign Spine Technologies, Inc. (6543); Pioneer Surgical Technology NewCo Inc.; Spinal Transition and Professional Services LLC; Andi's Belmarall, LLC; Fourth Dimension Spine, LLC (1107); Holo Surgical Inc. (4079); and HoloSurgical Technology Inc. (0952). The location of the debtors' service address in these chapter 11 cases is: 520 Lake Cook Road, Suite 315, Deerfield, Illinois 60015.

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Motion.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT**:

1. The Closed Cases having been closed on the Effective Date of the Plan (i.e. October 2, 2023), all pending and future matters relating to each of the Debtors, Plan, or Confirmation Order, including the filing of objections to Claims, if applicable, shall be administered and heard in the chapter 11 case of Surgalign Holdings, Inc. Case No. 23-90731 (CML), which is the Remaining Case, as contemplated by the Plan and Confirmation Order (the "**Remaining Case**"), notwithstanding entry of this Order or the closure of the Closed Cases. For the avoidance of doubt, the Plan Administrator may undertake all actions and discharge all duties in the Remaining Case in accordance with and as contemplated by the Plan and Confirmation Order, and the entry of this Order shall not impair or limit any right of the Plan Administrator.

2. A docket entry shall be made in each of the Closed Cases reflecting entry of this Order with a docket entry in each of the Closed Cases substantially similar to the following:

> An order has been entered in this case directing that this chapter 11 case is closed, effective as of October 2, 2023, and that the case of Surgalign Holdings, Inc, Case No. 23-90731, should be consulted for all future matters.

3. The following caption shall be used in the Remaining Case going forward:

| | |
|---|---|
| In re:<br><br>SURGALIGN HOLDINGS, INC.,<br><br>Post-Effective Date Debtor.[1] | Chapter 11<br><br>Case No. 23-90731 (CML) |

[1] The last four digits of the Post-Effective Date Debtor's federal tax identification number are 0607. A complete list of the Debtors in the chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/surgalign/.

4. Paragraph 79 of the Confirmation Order, which closed the Closed Cases as of the Effective Date, constitutes a final decree within the meaning of Bankruptcy Rule 3022.

5. Entry of this Order is without prejudice to (i) the rights of the Plan Administrator or any other party in interest to seek to reopen any of the Closed Cases for cause pursuant to section 350(b) of the Bankruptcy Code and (ii) the rights of the Plan Administrator or other party in interest to dispute, object to, or resolve any Claim that was filed against any of the Debtors in the chapter 11 cases, in each case in accordance with the Plan and Confirmation Order. Except as set forth in the Bankruptcy Code, nothing in this Order shall affect the substantive rights of any party in interest in the Closed Cases.

6. Nothing herein modifies or amends the rights of the Office of the United States Trustee under the Plan, Confirmation Order, or otherwise regarding the filing of periodic reporting or the payment of fees under 28 U.S.C. § 1930(a).

7. The Plan Administrator is authorized to take all actions necessary or appropriate to effectuate the relief granted pursuant to this Order.

8. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

9. This Court retains exclusive jurisdiction and power to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Signed: June 09, 2025

Christopher Lopez
United States Bankruptcy Judge